Affirmed in Part, Reversed and Rendered in Part, and Majority and
Concurring Opinions filed January 24, 2008








 Affirmed in
Part, Reversed and Rendered in Part, and Majority and Concurring Opinions filed January 24, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00357-CV

____________

 

WESTERNGECO, L.L.C. AND SCHLUMBERGER TECHNOLOGY
CORPORATION, Appellants

 

V.

 

INPUT/OUTPUT, INC., Appellee

 



 

On Appeal from the 164th District Court

Harris
County, Texas

Trial Court Cause No. 04-67890

 



 

C O N C U
R R I N G   O P I N I O N

I join
the majority=s opinion expressed in sections III. A, III. B, and III. C, and concur in
the result reached in section III. D.  








The
Settlement Agreement was made between Schlumberger, acting on behalf of itself
and its Affiliates, and Input, acting on behalf of itself and its Affiliates. 
These parties agreed that the term AAffiliates@ would refer to Aany present or future corporation
that directly or indirectly controls, is controlled by, or is under common
control with either party, where >control= means the ownership, direct or
indirect, of at least 50% of voting securities of such corporation.@  In addition, Input agreed:

that it will not offer employment to or engage as a
consultant any current or former employee of Schlumberger who is working or has
worked in the Seismic Field unless at least two (2) years have passed from
the date such employee or former employee either ceased working for
Schlumberger in the Seismic Field or has left Schlumberger.

Settlement Agreement, & 4.  And in paragraph 13 of the
Settlement Agreement, Schlumberger and Input agreed, on their own behalf and on
behalf of their respective Affiliates, that A[t]his Agreement is binding upon and
shall inure to the benefit of the parties hereto and their respective
successors in interest and legal representatives.@  

I agree with the majority that WesternGeco is not
encompassed within the parties= agreed definition of the term ASchlumberger,@ which is instead
defined by the parties as ASchlumberger Technology Corporation, a
Texas corporation having a place of business@ at a specific
address in Sugar Land, Texas.  Thus, I agree that Paragraph 4 of the Settlement
Agreement requires Input to refrain from offering employment to current or
recent employees of Schlumberger Technology Corporation, but does not prohibit
Input from hiring WesternGeco=s current or recent employees in the
Seismic Field.  








For reasons that differ somewhat from those expressed by
the majority, I also agree that it is unnecessary to expand the definition
assigned by the parties to the term ASchlumberger@ in order to give
full effect to the Agreement.  The purpose of the Agreement was Ato settle and
compromise the issues raised in the [Fort Bend] Lawsuit . . . .@  Thus, the
unambiguous language of the Agreement manifests the parties= intent to resolve
the existing dispute, i.e., the alleged Apoaching@ of Schlumberger
employees by Input.  The record does not indicate that any issue was raised in
the Fort Bend Lawsuit concerning Input=s recruitment of
WesternGeco=s present or former employees.  Although similar, that
is a separate dispute not addressed in the former lawsuit or in the Settlement
Agreement.  This construction, which is required by the plain meaning and the
defined terms of the Settlement Agreement, does not deprive WesternGeco of any
benefit actually conferred by the Agreement.  

Because it is unnecessary to the disposition of the case, I
would not address the question of whether the Agreement binds WesternGeco in
the absence of pleading and proof of legal theories such as piercing the
corporate veil, agency, estoppel, or ratification.  Regardless of whether
WesternGeco is bound by the Agreement, the Agreement does not bar Input from
hiring WesternGeco employees.  I therefore concur in the result reached in
section III. D. 

 

 

 

 

 

/s/      Eva M. Guzman

Justice

 

 

Judgment rendered and Majority and Concurring Opinions
filed January 24, 2008.

Panel consists of Justices Frost, Seymore, and Guzman
(Frost, J., Majority).